UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHAU and LIEN LUONG | CIVIL ACTION |
| VERSUS | NO. 07-3052 |
| STATE FARM FIRE & CASUALTY COMPANY | SECTION "N" (2) |

## **ORDER AND REASONS**

On July 30, 2008, this Court ordered plaintiffs' counsel, Mr. Richard H. Barker IV, to show cause why he should not be sanctioned in the amount of $1,000.00 for failure to prepare and deliver a completed pre-trial order, pursuant to this Court's previously entered Scheduling Order (Rec. Doc. No. 12), by the scheduled time of 4:30 p.m. on Tuesday, July 29, 2008, as required. By faxed letter dated August 1, 2008, Mr. Barker responded to the Court's Show Cause Order, which the Court has now reviewed and considered.

By way of relevant background, it is noted that, on July 14, 2008, in the matter on this Court's docket entitled *Ragas v. State Farm Fire & Casualty Company,* No. 07-1143, this Court recently issued an order to show cause why Mr. Barker should not be sanctioned in the amount of $1,000.00 "for failing to submit a completed pre-trial order." On that occasion, Mr. Barker responded by letter dated July 16, 2008, wherein he offered his "most sincere apology", and

1

admitted that although "the preparation of a Pre Trial Order is no minor undertaking", "I do recognize that this was my responsibility." He further stated his belief that, because the parties were so close in the *Ragas* matter, and that it ultimately would settle, "there were no discussions between counsel relative to exchange of inserts." By way of further explanation, Mr. Barker stated:

> "By the time [defense counsel] Ms. Wood prepared defendant's Pre Trial Inserts and E-filed them on Friday, July 11, 2008 – the undersigned was completely unavailable. On that day, the undersigned (the single father of a 5 yr. old) was required to catch an early morning flight to Denver to escort his daughter and deliver her to her mother for a month's visitation in Colorado, with his return flight arriving in New Orleans after 5:00 p.m."

In the *Ragas* matter, the Court declined to sanction Mr. Barker in light of the settlement which was ultimately achieved shortly after the issuance of the Show Cause Order. However, the Court cautioned Mr. Barker as follows:

> "Plaintiff's counsel is reminded that all court deadlines are to be adhered to regardless of the status of the case (i.e., whether or not settlement appears likely or imminent). Plaintiff's counsel is also reminded that court deadlines are not to be simply ignored on the basis of other professional or personal obligations. However, having given counsel this warning and because the matter was settled on July 14, 2008, the Court chooses not to impose a sanction on Plaintiff's counsel."

See *Ragas v. State Farm Fire & Casualty Company,* No. 07-1143. (Rec. Doc. #52)

In his response to the Court's Show Cause Order in this case, only two weeks later, Mr. Barker states the following:

> "I was in Europe from July 18, 2008 until the evening of July 29, 2008 enjoying a much deserved rest while my 5 yr. old daughter is visiting her mother in Colorado. I was fully aware of the fact that the Luong Pre Trial Conference was scheduled for my first day back in town, and that the Pre Trial Order had to be filed in my absence. I also am well familiar with the local rule that Pre Trial Orders are to be delivered to chambers by 4:30 p.m. the day before the day before the Pre Trial Conference. Most of my comunication while I was abroad was via email."

After further describing his work with his legal assistant, Ms. Butler, Mr. Barker continued:

> "When she and I were speaking to each other on the 29th while I was changing planes, she was reminding me that my schedule for the next day included the Luong Pre Trial Conference. I then asked her if she had delivered the PTO the day before and she told me that it was not due until that afternoon. I corrected her and asked her why she believed this and she made reference to the email from [opposing counsel] Ms. Bollinger which had made reference to a deadline of the 29th. Ms. Butler also mentioned that she had experienced some difficulty in reaching Ms. Bollinger."

Thus, Mr. Barker again highlighted personal matters, and then described some confusion between him and his office legal assistant, as well as some confusion in communication between his office legal assistant Ms. Butler and opposing counsel Ms. Bollinger.

In short, and in light of the immediately prior incident in the *Ragas* matter, the Court simply cannot allow such a failing to occur without repercussion. It is critical that the undersigned receives pre-trial orders as scheduled (no later than 4:30 p.m. allowing at least one full day between the delivery of the pre-trial order and the pre-trial conference, which in this case was 4:30 p.m. on the Tuesday before the Thursday morning pre-trial conference). The schedule is established so that the Court can review the pre-trial order in detail, have a fluent understanding of the issues to be tried as well as the particular means of trial, including a review of the number and type of exhibits, anticipated number of witnesses and the expected content of their testimony, and any other preliminary matters that might be raised for disposition prior to the start of trial. Having a pre-trial conference without a pre-trial order, or with one set of inserts, or even both sets of inserts instead of a single pre-trial order, serves no purpose and greatly hinders the Court's ability to have a productive discussion of the upcoming trial.

The undersigned imposes monetary sanctions only with great reluctance and as a last resort. With regard to Mr. Barker, the Court believed that the previous warning, along with Mr. Barker's "most sincere apology" as well as his recognition "that this was my responsibility", would justify the Court's decision to refrain from imposing a sanction in the *Ragas* matter. Nonetheless, only two weeks later, yet another pre-trial order snafu occurred at the hands of plaintiffs' counsel. In this matter, the undersigned is unwilling to accept Mr. Barker's description of his personal circumstances and the miscommunication of others to excuse that which was his responsibility, i.e., the preparation and delivery of a suitable pre-trial order in conformity with this Court's prior Order. In hopes that this failure to properly prepare and submit a pre-trial order will not be a recurring event beyond these two instances, the Court will impose a sanction of $1,000.00 against plaintiffs' counsel, Mr. Barker, to be paid within thirty (30) days. If counsel cannot pay the entire amount within thirty (30) days, counsel may submit a suggested schedule of payments such that the entirety of the sanction can be fully paid, in installments, within ninety (90) days of this Order.

New Orleans, Louisiana, this 5th day of August, 2008.

**KURT D. ENGELHARDT**
**United States District Judge**